# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **SAMANTHA L. MUSICK, ETC.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11CV00005 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DOREL JUVENILE GROUP,** | ) | By:   James P. Jones |
| **INC.,** | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*S.D. Roberts Moore, Charles H. Smith, III, and Anthony M. Russell, Gentry Locke Rakes & Moore, LLP, Roanoke, Virginia, and T. Shea Cook, T. Shea Cook, P.C., Richlands, Virginia, for Plaintiff; Lynne Jones Blain, Harman, Claytor, Corrigan & Wellman, Richmond, Virginia, and Walter C. Greenough and Jonathan Judge, Schiff Hardin LLP, Chicago, Illinois, for Defendant.*

In this products liability personal injury case, the plaintiff, a child who sues by her mother, alleges that she was seriously injured in an automobile accident while seated in a defective child safety seat manufactured by the defendant. In advance of trial, the defendant has moved in limine to exclude evidence of other incidents involving the defendant's child safety seats. For the following reasons, the motion will be granted.

I

According to her Complaint, the plaintiff, Samantha L. Musick, suffered serious brain injuries when her family's mini-van was rear-ended in Bristol, Virginia. At the time of the accident, Samantha was five years old and seated in a Dorel Commuter High Back Booster seat manufactured by the defendant Dorel Juvenile Group, Inc. ("Dorel"). The plaintiff seeks an award of damages for her injuries based on alleged negligent design of the car seat, a failed duty to warn of its dangerous conditions, and breach of express warranties and the implied warranties of merchantability and fitness. The case is founded on the court's diversity jurisdiction. 28 U.S.C.A. § 1332(a) (West 2006).

The defendant denies notice of the alleged defect, namely, the failure of its safety seat to adequately protect the heads of child occupants through the use of wider, padded side wings. The plaintiff seeks to introduce evidence of other incidents that were the subject of actions against Dorel in order to establish the defendant's knowledge of a dangerous condition. Specifically, the plaintiff desires to offer into evidence the facts of a pair of cases — *Uxa v. Marconi*, 128 S.W.3d 121 (Mo. Ct. App. 2003), and *Coyle v. Cosco, Inc.*, No. 97-45232 (Harris Cty., Tex.) — in order to show that Dorel had reason to know that unpadded, plastic side wings were dangerous well before making Samantha's car seat.

Dorel has moved in limine to exclude such evidence, arguing that it is not relevant because the facts of the prior incidents are dissimilar to the present case. In addition, the defendant contends that the evidence would be unfairly prejudicial, even if relevant. The motion has been briefed and argued and is ripe for decision.

II

In order for other incidents to be admissible, they must be relevant. Fed. R. Evid. 402. Evidence of other accidents is generally admissible only to show prior notice of a particular defect in a relevant product, not to corroborate or otherwise support claims of defect. *Blevins v. New Holland N. Am., Inc.*, 128 F. Supp. 2d 952, 960-61 (W.D. Va. 2001). When prior incidents or injuries are admitted to prove notice, the required similarity of the prior accidents is more relaxed than when prior incidents are admitted to prove negligence. *Benedi v. McNeil-P.P.C., Inc.*, 66 F.3d 1378, 1386 (4th Cir. 1995). Before a court will admit evidence of a prior accident, the offering party must establish (1) that the defect is the same or similar to that alleged to have caused the injury of which that party complains, and (2) that the circumstances in the earlier incident are "substantially similar" to the one at bar. *See Gen. Motors Corp. v. Lupica*, 379 S.E.2d 311, 314 (Va. 1989). However, the court still maintains "broad discretion" to exclude evidence of prior incidents under

Federal Rule of Evidence 403.  *See Brooks v. Chrysler Corp.*, 786 F.2d 1191, 1195 (D.C. Cir. 1986).

Applying these standards to the evidence of other incidents offered by the plaintiff, the defendant's Motion in Limine must be granted.

First, the plaintiff seeks to introduce evidence of the accident at issue in *Uxa*. In that case, a two-year-old child suffered a significant brain injury when the left side of his parent's vehicle was struck at approximately 44 miles per hour. *Uxa*, 128 S.W.3d at 126.  At the time of the accident, the child was properly strapped into a High Back Booster seat manufactured by the defendant.  *Id*.  The plaintiff argued that the car seat was defective because it did not provide adequate protection to prevent the child's head from hitting the car door, which ultimately caused his brain injury.  *Id*. at 127.  At trial, the plaintiff's expert testified that a car seat with wider, padded side wings would have limited head excursion in all directions in order to prevent the child's head from striking the interior of the car door.  *Id*. at 127, 129.

While the facts in *Uxa* bear a resemblance to the circumstances surrounding the present case, I find that the two incidents are not substantially similar.  The accident in *Uxa* was a side impact collision, while Samantha's crash involved a rear impact collision.  More importantly, the alleged defect in *Uxa* concerned the High Back Booster's inability to prevent a child's head from leaving the confines of the

car seat and striking the interior of the car. In this case, the alleged defect is the High Back Booster's lack of padding to protect a child's head from impact with the plastic shell of the car seat. The plaintiff does not contend that her car seat allowed excessive head movement. Instead, she argues that the seat's hard, plastic side wings created a dangerous surface area. Although wider, padded side wings are the *remedy* proposed by both plaintiffs, the car seat's alleged *defect* differs in the two cases.

The plaintiff also desires to offer evidence of the accident discussed in *Coyle*. However, the specific facts of that case are unclear on the present record, making it difficult to conduct a precise comparison between the two incidents. Regardless, the accident in *Coyle* involved the defendant's Touriva safety seat, not the High Back Booster seat in question. Thus, I find that the plaintiff has failed to establish substantial similarity between *Coyle* and the incident at hand.

Furthermore, evidence of other incidents presents a strong possibility of unfair prejudice to the defendant. The plaintiff will be able to offer evidence of Dorel's Protective Foam Project, which provided designs for foam to be added to the head areas of its car seats, including the High Back Booster. This evidence shows that the defendant most likely had notice of the alleged defect, thus minimizing the utility of evidence of other incidents. On the other hand, exploring the similarities

and dissimilarities of *Uxa* and *Coyle* with the present accident will prolong the trial and risk unfair prejudice to the defendant.

## III

For these reasons, it is **ORDERED** that the defendant's Motion in Limine to Exclude Evidence of Other Incidents (ECF No. 108) is GRANTED.

ENTER: October 22, 2011

/s/   James P. Jones
United States District Judge