### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **SAMANTHA L. MUSICK, ETC.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11CV00005 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DOREL JUVENILE GROUP,** | ) | By:  James P. Jones |
| **INC.,** | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*S.D. Roberts Moore, Charles H. Smith, III, and Anthony M. Russell, Gentry Locke Rakes & Moore, LLP, Roanoke, Virginia, and T. Shea Cook, T. Shea Cook, P.C., Richlands, Virginia, for Plaintiff; Lynne Jones Blain, Harman, Claytor, Corrigan & Wellman, Richmond, Virginia, and Walter C. Greenough and Jonathan Judge, Schiff Hardin LLP, Chicago, Illinois, for Defendant.*

In this products liability personal injury case, the plaintiff, a child who sues by her mother, alleges that she was seriously injured in an automobile accident while seated in a defective child safety seat manufactured by the defendant.   In advance of trial, the defendant has moved to dismiss due to spoliation of evidence because the vehicle in which the plaintiff was a passenger was allowed to be destroyed.   This opinion elaborates on the reasons for my previous oral order denying the defendant's motion.

I

According to her Complaint, the plaintiff, Samantha L. Musick, suffered serious brain injury when her family's Windstar mini-van was rear-ended at an intersection on March 28, 2009.   At the time of the accident, Samantha was five years old and seated in the back seat in a Dorel Commuter High Back Booster manufactured by the defendant Dorel Juvenile Group, Inc. ("Dorel").   Samantha seeks an award of damages for her injuries based on alleged negligent design of the car seat, a failed duty to warn of its dangerous conditions, and breach of express warranties and the implied warranties of merchantability and fitness.   The case is founded on the court's diversity jurisdiction.   28 U.S.C.A. § 1332(a) (West 2006).

The plaintiff contends that her injuries were caused when her head struck the unpadded front edge of one of the side wings of the child safety seat.   The defendant denies this, asserting that Samantha's injuries were caused when, as a result of the rear impact, her father came up and over the back of his front passenger seat and struck Samantha in the head.   The defendant will present several expert witnesses at trial to testify in support of this theory.   However, it claims that, because the plaintiff failed to preserve the front passenger seat of the Windstar mini-van, it is unable to fully develop this defense.

The facts relating to the spoliation issue are uncontested.   Several days after the accident in question, the plaintiff's father, Earl Musick, traveled to the salvage yard where the wrecked Windstar was stored in order to retrieve personal belongings.   At that time, Musick claims he had no plans for a lawsuit.   He did not retrieve Samantha's child safety seat, but took various photographs of it as well as the interior and exterior of the vehicle for insurance purposes.

On April 7, 2009, Musick contacted attorney Shea Cook for assistance. Cook faxed a letter to the salvage yard requesting that Samantha's child seat be placed in a safe place to ensure that no one would dispose of or damage it.   That same day, Cook's investigator retrieved the child seat.   Neither the Musicks nor their attorney secured the Windstar mini-van or preserved it for future inspection. On or about May 21, 2009, the vehicle was destroyed by the salvage company.

Dorel has moved to dismiss due to spoliation of evidence, arguing that the plaintiff's failure to preserve the vehicle was egregious and prejudicial.   For the following reasons, I denied the motion.


II

Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably

foreseeable litigation. *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001).   The court has the inherent power to punish and correct for acts of spoliation. *Id.*

When crafting an appropriate sanction, the court should select a fitting response that will serve the twin purposes of leveling the evidentiary playing field and sanctioning the improper conduct.   *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995).   The range of options available includes dismissal, but such a harsh sanction should be imposed only if "a lesser sanction will [not] perform the necessary function."   *Silvestri*, 271 F.3d at 590.   In order to impose the sanction of dismissal, the court must conclude that either (1) the spoliator's conduct was so egregious as to amount to a forfeiture of her claim, or (2) the effect of the spoliator's conduct was so prejudicial that it substantially denied the defendant the ability to defend the claim.   *Id.* at 593.

Applying these standards to the facts presented, the defendant's Motion to Dismiss was properly denied.

Neither Samantha's parents nor her attorney acted with the requisite degree of culpability so as to render the action subject to dismissal for spoliation.   They did not specifically instruct that the Windstar be destroyed, nor did they try to hide its post-accident condition.   In fact, Mr. Musick took a series of photographs of the

Windstar that have been shared willingly with the defendant.   There is no evidence indicating that the Musicks willfully or intentionally failed to preserve the vehicle.

The defendant emphasizes that, in *Silvestri*, mere negligence was enough to warrant dismissal.   271 F.3d at 593-94.   However, the circumstances in *Silvestri* are easily distinguishable.   In that case, the plaintiff was involved in an automobile accident and alleged that his vehicle's airbag did not deploy as warranted, enhancing his injuries.   *Id*. at 585.   The plaintiff's attorney unquestionably knew that the vehicle was the "central piece of evidence" and had been reminded that it should be preserved.   *Id*. at 593.

In the present case, there was no reason for Samantha's parents or attorney to believe that the Windstar mini-van should have been preserved.   Unlike the vehicle in *Silvestri*, the Windstar is not the product at issue.   The plaintiff alleges a design defect of the High Back Booster seat, not of the Windstar mini-van.   Given that no other passengers were seriously injured in the accident, it was not egregious for the Musicks to believe that the child safety seat was the only product necessary to preserve for litigation.   Thus, I find that the plaintiff's conduct was neither deliberate nor negligent.

The defendant argues that even if the plaintiff's failure to preserve the Windstar was not egregious, her conduct was so prejudicial that it substantially

- 5 -

denied it the ability to defend the claim.   Dorel claims that its experts can no longer examine Earl Musick's front passenger seat to determine whether it showed unmistakable physical signs indicating that it bent back unnaturally during the accident.   It argues that without evidence available to disprove his testimony, Earl Musick is now free to testify, without meaningful challenge, that he did not himself go over the front seat during the crash.

The defendant's argument has no merit.   Despite the absence of the Musick's Windstar mini-van, there is sufficient evidence upon which Dorel can build a vigorous defense.   The central issue here is whether the defendant's child safety seat injured Samantha, and this seat has been properly preserved.   In the course of the lawsuit thus far, the defendant has been allowed to examine Samantha's High Back Booster and has had unlimited access to duplicates of it.   Additionally, it has been given access to all of Earl Musick's post-accident photographs of the Windstar mini-van, as well as copies of photographs taken by the Musick's insurance company.   The defendant has also conducted crash tests using duplicate Windstar front passenger seats, and has been able to secure favorable opinions from expert witnesses.

The availability of other evidence to the moving party is an appropriate ground for denying a request for entry of judgment on the ground of spoliation. *See*

*VFI Assocs., LLC v. Lobo Mach. Corp.*, No. 1:08CV00014, 2010 WL 4868110, at

*1-2 (W.D. Va. Nov. 22, 2010).   While the original vehicle may have been helpful

to the defendant, there is other probative evidence upon which the defendant may

rely in support of its theory of causation.   Accordingly, I found that prejudice to the

defendant is insufficient to justify dismissal and denied the defendant's Motion to

Dismiss.[1]


DATED:    October 24, 2011

/s/   James P. Jones
United States District Judge

---

[1]   I will reserve decision on whether to grant an appropriate adverse inference jury instruction relating to the destruction of the vehicle until after I hear the evidence at trial relevant to this issue.