IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **SAMANTHA L. MUSICK, ETC.,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>**DOREL JUVENILE GROUP, INC.,** )<br>)<br>Defendant. ) | Case No. 1:11CV00005<br><br>**OPINION AND ORDER**<br><br><br>By: James P. Jones<br>United States District Judge |

*Charles H. Smith, III, Gentry Locke Rakes & Moore, LLP, Roanoke, Virginia, for Plaintiff; Walter C. Greenough, Schiff Hardin LLP, Chicago, Illinois, for Defendant.*

The defendant has objected to the magistrate judge's order granting a discovery sanction precluding it from offering evidence with regard as to why it chose not to add foam to the head area side wings of the child car seat that is the alleged defective product in this personal injury case.

Plaintiff's Motion for Discovery Sanctions Based on Defendant's Failure to Comply with Rule 30(b)(6) (ECF No. 95) and plaintiff's Motion for Discovery Sanctions Based on False Statements by Defendant and Failure to Produce Documents as Ordered (ECF No. 128) were referred to the magistrate judge for determination. After review of the magistrate judge's Memorandum Order (ECF No. 208) and the parties' arguments, I will overrule the Objection.

A motion for sanctions based on alleged discovery violations is nondispositive "unless imposition of the sanction would be dispositive of a party's claim or defense." 14 James Wm. Moore et al., *Moore's Federal Practice* § 72.02(7)(b) (3d ed. 2008); *see also Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 6 (1st Cir. 1999). Because the magistrate judge's ordered sanction in this case is nondispositive, I review the order under a clearly erroneous or contrary to law standard. 28 U.S.C.A. § 636(b)(1)(A) (West 2006); Fed. R. Civ. P. 72(a).

I find the magistrate judge's evidentiary sanction reasonable and proportionate.

Contrary to the defendant's argument, its possible pre-accident notice of the alleged defect is highly relevant under Virginia's product liability law, *see Gen. Motors Corp. v. Lupica*, 379 S.E.2d 311, 314 (Va. 1989), and thus the false information provided by defense counsel about his client's decision not to add foam padding to the side wings of the car seat was significant and justified the sanction, even assuming that the misrepresentation was inadvertent.

Moreover, it is clear that the defendant will not be unfairly prejudiced by this sanction. As noted by the magistrate judge, the defendant's designated Rule 30(b)(6) witness had extremely limited knowledge concerning any reasons why the defendant chose not to add padding to the side wings of the car seat in question and the defendant has not indicated any other relevant evidence in this regard.

For these reasons, it is **ORDERED** that the Objection (ECF No. 218) is OVERRULED.

        ENTER:  November 1, 2011

        /s/  James P. Jones
        United States District Judge