# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| **SAMANTHA L. MUSICK, ETC.,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:11CV00005 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **DOREL JUVENILE GROUP,** ) | By: James P. Jones |
| **INC.,** ) | United States District Judge |
| ) | |
| Defendant. ) | |

*Charles H. Smith, III, Gentry Locke Rakes & Moore, LLP, Roanoke, Virginia, for Plaintiff; Walter C. Greenough, Schiff Hardin LLP, Chicago, Illinois, for Defendant.*

The following are the reasons for the court's ruling made prior to trial on the defendant's oral motion to exclude the plaintiff's three brief computer animations. These animations are to be used as demonstrative evidence to illustrate for the jury the opinion of Stefan Duma, Ph.D., the plaintiff's expert witness, as to causation of the plaintiff's injury in this products liability case.[1]

The defendant argues that the animations are inadmissible because they include several inaccuracies, mischaracterizations, and underlying assumptions that

---

[1] Demonstrative evidence is used as a pedagogical aid only and is not ordinarily admitted into the evidentiary record or viewed by the jury during deliberations. See *United States v. Harms*, 442 F.3d 367, 375 (5th Cir. 2006).

remain unknown.  Dorel further argues that any relevance the recreations might have is outweighed by unfair prejudice.

The court has broad discretion in permitting the use at trial of demonstrative evidence.  Fed. R. Evid. 611(a) advisory committee's note.  Typically, demonstrations purporting to recreate events at the focus of a trial must be substantially similar to the actual events in order to be admissible.  However, in *Hinkle v. City of Clarksburg, West Virginia*, 81 F.3d 416, 424-25 (4th Cir. 1996), the Fourth Circuit held that the requirement of similarity can be moderated by the simple fact that the "actual events" are often the issue disputed by the parties.

After viewing the proposed computer animations outside the presence of the jury and assessing Dr. Duma's expert opinions as submitted by the parties, I find that the animations are sufficiently supported by Dr. Duma's conclusions.

While I am mindful of the potentially powerful effects of this type of presentation, I find that these computer animations will not be unduly prejudicial to the defendant.  Similar to the situation in *Hinkle,* the jury understands that the very thing in dispute in this trial is precisely how the plaintiff's injury occurred.  I feel confident that the jury will understand that the animations are designed merely to illustrate Dr. Duma's theory of the accident and to demonstrate how that theory purportedly is consistent with the physical evidence.  As a precautionary measure,

and as suggested by *Hinkle*, I will instruct the jury that the animations are not meant to be recreations of the accident in question, but rather are simply computer pictures to help them understand Dr. Duma's opinions.  Moreover, of course, the witness is subject to cross-examination as to his opinions and any alleged inaccuracies in the animations.

Dorel also contends that the computer animations should be excluded because their disclosure was not timely.

Rule 26(a)(2)(B)(iii) of the Federal Rules of Civil Procedure states that any exhibits that will be used to summarize or support an expert's opinion must be disclosed before the relevant expert disclosure deadline.  Under Rule 37, a party may not use at trial information that she did not provide as required by Rule 26 unless she can establish the belated disclosure was substantially justified or harmless.

It is true that the computer animations were not disclosed until after the pertinent deadline.  However, the animations were made available to the defendant on October 3, nearly one month prior to the start of trial.  Given that Dorel had the chance to re-depose Dr. Duma after receiving these animations but specifically decided not to do so (seemingly for strategic reasons), I find that the untimely disclosure was harmless.

Accordingly, I will deny the defendant's motion and the computer animations will be permitted to be displayed during the testimony of Dr. Duma.

It is so **ORDERED**.

ENTER: November 4, 2011

/s/   James P. Jones
United States District Judge