# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **SAMANTHA L. MUSICK, ETC.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11CV00005 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DOREL JUVENILE GROUP, INC.,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Charles H. Smith, III, Anthony M. Russell, and Travis J. Graham, Gentry Locke Rakes & Moore, LLP, Roanoke, Virginia, and T. Shea Cook, T. Shea Cook, P.C., Richlands, Virginia, for Plaintiff; Lynne Jones Blain, Harman, Claytor, Corrigan & Wellman, Richmond, Virginia, and Walter C. Greenough and Jonathan Judge, Schiff Hardin LLP, Chicago, Illinois, for Defendant.*

The parties have objected to the magistrate judge's order granting a monetary discovery sanction against the defendant. For the reasons that follow, I will modify the magistrate judge's order to allow certain additional fees and costs to be awarded against the defendant.

I

In this products liability personal injury case, the plaintiff Samantha L. Musick ("Musick"), suing by her mother, sought recovery against the defendant Dorel Juvenile Group, Inc. ("Dorel"), following an automobile accident in which Musick suffered serious brain injury while seated in a child safety seat manufactured

by the defendant. During the early stages of discovery, Musick served a request for production on Dorel seeking all documents that discussed, related to, or contained references to, the use of energy-absorbing materials on the side wings of the child safety seat in question, called the Dorel Commuter High Back Booster ("HBB"). When the lead attorney for Dorel, Walter C. Greenough, responded that Dorel had no such documents, Musick filed a Motion to Compel.

A hearing on the Motion to Compel was conducted before the magistrate judge on July 15, 2011, during which attorney Greenough assured the court that Dorel had never considered adding foam to the side wings of the HBB. However, plaintiff's counsel presented documents that they had independently obtained from discovery taken in a similar case against Dorel, *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611 (D. Kan. 2005). After further review of the materials provided by plaintiff's counsel, including evidence that the HBB may have been part of Dorel's Protective Foam Project ("PFP"),[1] the magistrate judge found that Dorel's response to the request for production was "inaccurate" and ordered Dorel to produce all responsive documents.

---

[1] The term "Protective Foam Project" has been used throughout this case to describe a project undertaken by Dorel in 2002 in which it considered adding protective foam to the side wings of all of its child safety seats manufactured for distribution in the United States.

Subsequently, Dorel produced additional documents, including a computerized depiction of the HBB with added foam, as well as a multi-page document showing that Dorel specifically considered pulling the HBB from the market to add foam to its side wings.  Evidence that the HBB was in fact part of the PFP also came from the deposition testimony of at least three former Dorel employees.  One of these former employees, Richard Glover, was Dorel's Rule 30(b)(6) corporate representative.  *See* Fed. R. Civ. P. 30(b)(6). Despite being produced as the corporate designee, Glover possessed extremely limited information concerning the PFP and admitted that he did not know why the decision was made to include foam on some of Dorel's seats but not others.

Faced with this evidence, Musick filed a Motion for Discovery Sanctions Based on Defendant's Failure to Comply with Rule 30(b)(6) (ECF No. 95) and a Motion for Discovery Sanctions Based on False Statements By Defendant and Failure to Produce Documents as Ordered (ECF No. 128).  At a hearing on the motions, Greenough admitted that his prior statements to the court were inaccurate, stating that he had simply "forgotten" that the documents found in the *Cardenas* case file existed.  Consequently, the magistrate judge granted a discovery sanction against Dorel precluding it from offering evidence as to why it chose not to add foam to the side wings of the HBB.  The magistrate judge also ordered plaintiff's counsel

to provide the court with an itemized, sworn statement of the fees and expenses incurred "specifically in an effort to prove that the High Back Booster was included in the 'Protective Foam Project' and why the determination was made that foam should not be added to it." *Musick v. Dorel Juvenile Grp., Inc.*, No. 1:11cv00005 (W.D. Va. Oct. 14, 2011) (order granting plaintiff's motions for discovery sanctions).

Thereafter, plaintiff's counsel timely provided the court with a statement seeking fees and expenses in the amount of $208,510.79. The magistrate judge entered an order granting an award of fees, but only in the amount of $24,215.85. Both parties have objected to the magistrate judge's order. Specifically, Dorel argues that an award of any monetary discovery sanction is not justified, while Musick seeks to increase the amount of the sanction. The parties have submitted briefs and oral argument in support of their respective positions, and the objections are ripe for determination.

II

Because I have previously affirmed the ruling of the magistrate judge as to the propriety of the discovery sanction itself, *see Musick v. Dorel Juvenile Grp., Inc.*,

No. 1:11CV00005, 2011 WL 5241692, at *1 (W.D. Va. Nov. 1, 2011), this opinion will focus only on the amount of the monetary component of the sanction.

A magistrate judge's ruling as to nondispositive matters may be reversed only on a finding that the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A) (West 2006). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

By fixing the monetary discovery sanction at $24,215.85, the magistrate judge specifically disallowed over $30,000 in fees and expenses incurred by the plaintiff in preparing and prosecuting her original Motion to Compel. For the reasons set forth below, I find the magistrate judge's omission of these fees and expenses to be clearly erroneous.[2]

In her order, the magistrate judge incorrectly distinguishes between fees and expenses associated with Musick's original Motion to Compel (ECF No. 27), which was filed due to Dorel's initial inaccurate statements, and fees and expenses associated with Musick's motions for sanctions (ECF Nos. 95 and 128), which were

---

[2] The magistrate judge also disallowed numerous fees and expenses, unrelated to the plaintiff's Motion to Compel, that were found to be either duplicative or excessive. These conclusions are upheld under the clearly erroneous standard of review.

filed in light of Dorel's subsequent misconduct. When Dorel was initially sanctioned, the court did not ask the plaintiff for a statement of fees and costs specifically incurred in prosecuting the motions for sanctions. Rather, the court requested a global statement of all fees and expenses incurred "in an effort to prove that the High Back Booster was included in the 'Protective Foam Project' and why the determination was made that foam should not be added to it." *Musick v. Dorel Juvenile Grp., Inc.*, No. 1:11cv00005 (W.D. Va. Oct. 14, 2011) (order granting plaintiff's motions for discovery sanctions). This request is broader than simply directing the plaintiff to provide a statement of fees and costs related to particular motions. Thus, I find the magistrate judge's distinction to be inconsistent with the court's earlier request.

Moreover, accounting for fees and expenses related to Musick's Motion to Compel more accurately reflects the court's rationale in sanctioning Dorel. The Motion to Compel was triggered by Dorel's initial false statements. In order to properly support the motion, plaintiff's counsel was forced to spend thousands of dollars gathering information from outside sources in order to show that Dorel's discovery responses were inaccurate. Had the plaintiff not done so, the court would not have learned of Dorel's misconduct. The plaintiff should not be expected to shoulder the financial burden of revealing Dorel's misconduct.

Therefore, I find that the monetary discovery sanction must be increased by $45,670.85, which represents the fees and expenses incurred by Musick in preparing and prosecuting the Motion to Compel. Counsel for the plaintiff has represented that this case was taken on a contingency fee basis. Because the jury found for Dorel, there is no contingency fee to be paid by the plaintiff thus far. Accordingly, the monetary discovery sanction will be awarded directly to plaintiff's counsel. *See Stengel v. Kawasaki Heavy Indus., Ltd.*, 116 F.R.D. 263, 269 (N.D. Tex. 1987).

### III

For the foregoing reasons, it is **ORDERED** as follows:

1. Defendant's Objection (ECF No. 291) is OVERRULED;

2. Plaintiff's Objection (ECF No. 292) is SUSTAINED; and

3. The magistrate judge's Order (ECF No. 285) is MODIFIED and the defendant must pay to plaintiff's counsel a total of $69,886.70 in attorneys' fees and expenses as a sanction.

ENTER: March 22, 2012

/s/ James P. Jones
United States District Judge